## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATORIA GEORGE**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN E. SANDERS**, in his official capacity as East Baton Rouge Parish Ward 3 District 2 Justice of the Peace,<br><br>Defendant. | Case No. 3:25-cv-168<br><br>JUDGE JOHN W. DEGRAVELLES<br><br>MAGISTRATE ERIN WILDER-DOOMES, |

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Steven E. Sanders ("Defendant"), in his official capacity as the East Baton Rouge Parish Ward 3 District 2 Justice of the Peace, (the "Defendant") who denies each and every allegation contained in Plaintiffs' First Amended Class Action Complaint (" Amended Complaint"), express or implied, to the extent not expressly admitted herein. Defendant responds as follows:

## AFFIRMATIVE DEFENSES

AFFIRMATIVE DEFENSE 1:

Defendant affirmatively pleads the doctrine of judicial immunity. At all relevant times, Defendant was acting in his official capacity as a judicial officer, and the acts alleged in the Amended Complaint were taken within the scope of his jurisdiction.

AFFIRMATIVE DEFENSE 2:

Plaintiffs fail to allege that harm has resulted to them or the class as a result of the discriminatory, arbitrary, or capricious operation or application of the challenged statutory and regulatory scheme as alleged in this suit.

1

AFFIRMATIVE DEFENSE 3:

Louisiana Revised Statutes § 13:2590(A)(2)-(3), § 13:2590(B)(1) and La. Code Civ. Proc. Art 4924(C) are presumed to be constitutional and were duly enacted pursuant to the legislature's authority.

AFFIRMATIVE DEFENSE 4:

The Amended Complaint fails to state a claim or action sufficient to challenge the constitutionality of La. R.S. § 13:2590(A)(2)-(3), § 13:2590(B)(1) and La. Code Civ. Proc. Art 4924(C).

AFFIRMATIVE DEFENSE 5:

Defendant reserves all the rights to challenge the appropriateness of class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

AFFIRMATIVE DEFENSE 6:

Defendant asserts that Plaintiffs lack standing, both individually and on behalf of the putative class, pursuant to Article III of the United States Constitution.

AFFIRMATIVE DEFENSE 7:

All claims set out in the Amended Complaint are barred by Eleventh Amendment sovereign immunity.

AFFIRMATIVE DEFENSE 8:

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

AFFIRMATIVE DEFENSE 9:

Defendant objects to personal jurisdiction over the defendant for the claims of putative class members until class certification is determined.

AFFIRMATIVE DEFENSE 10:

Defendant avers that question of law and fact common to the class are lacking; that the claims and defenses of the representative parties is not typical of the claims and defenses of the class; the representative parties cannot fairly and adequately protect the interest of the class because the representative parties are no longer subject to an eviction proceeding.

AFFIRMATIVE DEFENSE 11:

Neither Ms. George nor Ms. Rushing is subject to an eviction proceeding because they no longer reside at the premises from which they were being evicted, rendering the case moot and depriving this Court of subject matter jurisdiction.

## I.    **PRELIMINARY STATEMENT**

1.    The allegations contained in Paragraph 1 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

2.    The allegations contained in Paragraph 2 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

3.    The allegations contained in Paragraph 3 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied as written.

4.    The allegations contained in Paragraph 4 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

5.    The allegations contained in Paragraph 5 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied as written.

6.    The allegations contained in Paragraph 6 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied as written.

7.    The allegations contained in Paragraph 7 contain a legal conclusion and fail to allege any statute under Louisiana law allowing statutory funding structures for justices of peace that violates Plaintiff's right to disinterested parties and an impartial tribunal, and are denied as written.

8.    The allegations contained in Paragraph 8 are denied as written.

9.    The allegations contained in Paragraph 9 are admitted.

10.    The allegations contained in Paragraph 10 are admitted.

11.    The allegations contained in Paragraph 11 are admitted as to Defendant Sanders being the Justice of the Peace for Ward 3, District 2.

12.    The allegations contained in Paragraph 12 are denied for lack of information sufficient to justify a belief therein.

13.    The allegations contained in Paragraph 13 are denied as written.

14.    The allegations contained in Paragraph 14 are denied as written.

15.    The allegations contained in Paragraph 15 are denied as written.

16.    The allegations contained in Paragraph 16 are denied as written.

17.    The allegations contained in paragraph 17 contain a reference to La. R.S. 13:2590(A)(2)-(3) and La. R.S. 13:2590(B)(1) which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein

18.    The allegations contained in Paragraph 18 are denied as written.

19.    The allegations contained in paragraph 19 seem to set forth Plaintiffs' prayer for relief to which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that Plaintiffs are entitled to any and all relief sought.

20.    The allegations contained in paragraph 20 seem to set forth Plaintiffs' prayer for relief to which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that Plaintiffs are entitled to any and all relief sought.

21.    The allegations contained in Paragraph 21 contain a reference to La. Code Civ. Pro. Art. 4924(A)-(C) which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

22.    The allegations contained in Paragraph 22 are denied as written.

23.    The allegations contained in Paragraph 23 are denied as written.

24.    The allegations contained in Paragraph 24 are denied as written.

25.    The allegations contained in Paragraph 25 are denied as written.

26.    The allegations contained in Paragraph 26 are denied as written.

27.    The allegations contained in Paragraph 27 are denied as written.

## II.    JURISDICTION AND VENUE

28.    The allegations contained in Paragraph 28 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

29.     The allegations contained in Paragraph 29 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

30.     The allegations contained in Paragraph 30 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

### III.     PARTIES

31.     The allegations contained in Paragraph 31 are admitted as to Latoria George, named as Plaintiff. Ms. George is not currently a defendant in eviction proceedings before Defendant Sanders as a result of Plaintiff's Motion to Recuse Defendant, which was granted on February 28, 2025. Further, upon information and belief, Ms. George no longer resides in the premises from which she was being evicted and is not subject to an eviction proceeding. The remainder of the allegations are denied for lack of information sufficient to justify a belief therein.

32.     The allegations contained in Paragraph 32 are admitted as to Johnnie Rushing, named as Plaintiff. Ms. Rushing is not currently a defendant in eviction proceedings before Defendant Sanders as a result of Plaintiff's Motion to Recuse Defendant, which was granted on June 19, 2025. Further, upon information and belief, Ms. Rushing no longer resides in the premises from which she was being evicted and is not subject to an eviction proceeding. The remainder of the allegations are denied for lack of information sufficient to justify a belief therein.

33.     The allegations contained in Paragraph 33 are admitted as to Defendant Steven E. Sanders, named as Defendant.

## IV.     <u>STATEMENT OF FACTS</u>

34.     The allegations contained in Paragraph 34 are denied for lack of information sufficient to justify a belief therein.

35.     The allegations contained in Paragraph 35 are denied for lack of information sufficient to justify a belief therein.

36.     The allegations contained in Paragraph 36 are denied for lack of information sufficient to justify a belief therein.

37.     The allegations contained in Paragraph 37 are denied for lack of information sufficient to justify a belief therein.

38.     The allegations contained in Paragraph 38 are denied for lack of information sufficient to justify a belief therein.

39.     The allegations contained in Paragraph 39 are denied for lack of information sufficient to justify a belief therein.

40.     The allegations contained in Paragraph 40 are denied for lack of information sufficient to justify a belief therein.

41.     The allegations contained in Paragraph 41 are denied for lack of information sufficient to justify a belief therein.

42.     The allegations contained in Paragraph 42 are denied for lack of information sufficient to justify a belief therein.

43.     The allegations contained in Paragraph 43 are denied for lack of information sufficient to justify a belief therein.

44.     The allegations contained in Paragraph 44 are denied for lack of information sufficient to justify a belief therein.

45.     The allegations contained in Paragraph 45 are denied for lack of information sufficient to justify a belief therein.

46.     The allegations contained in Paragraph 46 are denied for lack of information sufficient to justify a belief therein.

47.     The allegations contained in Paragraph 47 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

48.     The allegations contained in Paragraph 48 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

49.     The allegations contained in Paragraph 49 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

50.     The allegations contained in Paragraph 50 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

51.     The allegations contained in Paragraph 51 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

52.     The allegations contained in Paragraph 52 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

53.     The allegations contained in Paragraph 53 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

54.    The allegations contained in Paragraph 54 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

55.    The allegations contained in Paragraph 55 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

56.    The allegations contained in Paragraph 56 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

57.    The allegations contained in Paragraph 57 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

58.    The allegations contained in Paragraph 58 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

59.    The allegations contained in Paragraph 59 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

60.    The allegations contained in Paragraph 60 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

61.    The allegations contained in Paragraph 61 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

62.    The allegations contained in Paragraph 62 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

63.    The allegations contained in Paragraph 63 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

64.    The allegations contained in Paragraph 64 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

65.    The allegations contained in Paragraph 65 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

66.    The allegations contained in Paragraph 66 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

67.    The allegations contained in Paragraph 67 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

68.    The allegations contained in Paragraph 68 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

69.     The allegations contained in Paragraph 69 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

70.     The allegations contained in Paragraph 70 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

71.     The allegations contained in Paragraph 71 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

72.     The allegations contained in Paragraph 72 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

73.     The allegations contained in Paragraph 73 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

74.     The allegations contained in Paragraph 74 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

75.     The allegations contained in Paragraph 75 a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

76.    The allegations contained in Paragraph 76 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

77.    The allegations contained in Paragraph 77 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

78.    The allegations contained in Paragraph 78 are denied as written.

79.    The allegations contained in Paragraph 79 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

80.    The allegations contained in Paragraph 80 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

81.    The allegations contained in Paragraph 81 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

82.    The allegations contained in Paragraph 82 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

83.    The allegations contained in Paragraph 83 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

84.    The allegations contained in Paragraph 84 are denied as written.

85.    The allegations contained in Paragraph 85 are denied as written.

86.     The allegations contained in Paragraph 86 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

87.     The allegations contained in Paragraph 87 are denied as written.

88.     The allegations contained in Paragraph 88 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

89.     The allegations contained in Paragraph 89 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

90.     The allegations contained in Paragraph 90 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

91.     The allegations contained in Paragraph 91 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

92.     The allegations contained in Paragraph 92 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

93.     The allegations contained in Paragraph 93 are denied as written.

94.     The allegations contained in Paragraph 94 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

95.     The allegations contained in Paragraph 95 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

96.     The allegations contained in Paragraph 96 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

97.    The allegations contained in Paragraph 97 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

98.    The allegations contained in Paragraph 98 are denied as written.

99.    The allegations contained in Paragraph 99 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

100.    The allegations contained in Paragraph 100 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

101.    The allegations contained in Paragraph 101 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

102.    The allegations contained in Paragraph 102 are denied as written.

103.    The allegations contained in Paragraph 103 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

104.    The allegations contained in Paragraph 104 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

105.    The allegations contained in Paragraph 105 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

106.    The allegations contained in Paragraph 106 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

107.    The allegations contained in Paragraph 107 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied.

108.    The allegations contained in Paragraph 108 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are admitted as to the language of the statute.

109.    The allegations contained in Paragraph 109 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are admitted as to the language of the statute.

110.    The allegations contained in Paragraph 110 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are admitted as to the language of the statute.

111.    The allegations contained in Paragraph 111 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

112.    The allegations contained in Paragraph 112 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are admitted as to the language of the statute.

113.    The allegations contained in Paragraph 113 are denied as written.

114.    The allegations contained in Paragraph 114 are denied as written.

115.    The allegations contained in Paragraph 115 are admitted.

116.    The allegations contained in Paragraph 116 are admitted.

117.    The allegations contained in Paragraph 117 are admitted.

118.    The allegations contained in Paragraph 118 are admitted.

119.    The allegations contained in Paragraph 119 are admitted.

120.    The allegations contained in Paragraph 120 are admitted.

121.    The allegation contained in paragraph 121 is admitted to Defendant Steven Sanders exercises judicial function as Justice of the Peace for Ward 3, District 2 when he presides over eviction proceedings. All other allegations are denied, due to lack of information to justify belief therein.

122.    The allegations contained in Paragraph 122 are admitted.

123.    The allegation contained in paragraph 123 is admitted to Defendant Steven Sanders exercises judicial function as Justice of the Peace for Ward 3, District 2 when he presides over eviction proceedings. All other allegations are denied, due to lack of information to justify belief therein.

124.    The allegations contained in Paragraph 124 are denied as written.

125.    The allegations contained in Paragraph 125 are denied for lack of information sufficient to justify a belief therein.

126.    The allegations contained in Paragraph 126 are denied for lack of information sufficient to justify a belief therein.

127.    The allegations contained in Paragraph 127 are denied for lack of information sufficient to justify a belief therein.

128.    The allegations contained in Paragraph 128 are denied for lack of information sufficient to justify a belief therein.

129.    The allegations contained in Paragraph 129 are denied for lack of information sufficient to justify a belief therein.

130.    The allegations contained in Paragraph 130 are denied for lack of information sufficient to justify a belief therein.

131.     The allegations contained in Paragraph 131 are denied for lack of information sufficient to justify a belief therein.

132.     The allegations contained in Paragraph 132 are denied for lack of information sufficient to justify a belief therein.

133.     The allegations contained in Paragraph 133 are denied for lack of information sufficient to justify a belief therein.

134.     The allegations contained in Paragraph 134 are denied for lack of information sufficient to justify a belief therein.

135.     The allegations contained in Paragraph 135 are denied for lack of information sufficient to justify a belief therein.

136.     The allegations contained in Paragraph 136 are denied as written.

137.     The allegations contained in Paragraph 137 are denied as written.

138.     The allegations contained in Paragraph 138 are denied as written.

139.     The allegations contained in Paragraph 139 are denied as written.

140.     The allegations contained in Paragraph 140 are denied as written.

141.     The allegations contained in Paragraph 141 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

142.     The allegations contained in Paragraph 142 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

143.     The allegations contained in Paragraph 143 are denied for lack of information sufficient to justify a belief therein.

144.    The allegations contained in Paragraph 144 are denied for lack of information sufficient to justify a belief therein.

145.    The allegations contained in Paragraph 145 are denied for lack of information sufficient to justify a belief therein.

146.    The allegations contained in Paragraph 146 are denied for lack of information sufficient to justify a belief therein.

147.    The allegations contained in Paragraph 147 are denied as written.

148.    The allegations contained in Paragraph 148 are denied as written.

149.    The allegations contained in Paragraph 149 are denied as written.

150.    The allegations contained in Paragraph 150 are denied as written.

151.    The allegations contained in Paragraph 151 are denied as written.

152.    The allegations contained in Paragraph 152 are denied as written.

153.    The allegations contained in Paragraph 153 are denied as written.

154.    The allegations contained in Paragraph 154 are denied as written.

155.    The allegations contained in Paragraph 155 are denied as written.

156.    The allegations contained in Paragraph 156 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

157.    The allegations contained in Paragraph 157 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

158.    The allegations contained in Paragraph 158 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

159.    The allegations contained in Paragraph 159 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

160.    The allegations contained in Paragraph 160 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

161.    The allegations contained in Paragraph 161 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

162.    The allegations contained in Paragraph 162 are denied for lack of information sufficient to justify a belief therein.

163.    The allegations contained in Paragraph 163 are denied for lack of information sufficient to justify a belief therein.

164.    The allegations contained in Paragraph 164 are denied for lack of information sufficient to justify a belief therein.

165.    The allegations contained in Paragraph 165 are denied as written.

166.    The allegations contained in Paragraph 166 are denied for lack of information sufficient to justify a belief therein.

167.    The allegations contained in Paragraph 167 are denied for lack of information sufficient to justify a belief therein.

168.     The allegations contained in Paragraph 168 are denied for lack of information sufficient to justify a belief therein.

169.     The allegations contained in Paragraph 169 are denied for lack of information sufficient to justify a belief therein.

170.     The allegations contained in Paragraph 170 are denied for lack of information sufficient to justify a belief therein.

171.     The allegations contained in Paragraph 171 are denied for lack of information sufficient to justify a belief therein.

172.     The allegations contained in Paragraph 172 are denied for lack of information sufficient to justify a belief therein.

173.     The allegations contained in Paragraph 173 are denied for lack of information sufficient to justify a belief therein.

174.     The allegations contained in Paragraph 174 are denied for lack of information sufficient to justify a belief therein.

175.     The allegations contained in Paragraph 175 are denied for lack of information sufficient to justify a belief therein.

176.     The allegations contained in Paragraph 176 are denied for lack of information sufficient to justify a belief therein.

177.     The allegations contained in Paragraph 177 are denied for lack of information sufficient to justify a belief therein.

178.     The allegations contained in Paragraph 178 are denied for lack of information sufficient to justify a belief therein.

179.    The allegations contained in Paragraph 179 are denied for lack of information sufficient to justify a belief therein.

180.    The allegations contained in Paragraph 180 are denied for lack of information sufficient to justify a belief therein.

181.    The allegations contained in Paragraph 181 are denied for lack of information sufficient to justify a belief therein.

182.    The allegations contained in Paragraph 182 are denied for lack of information sufficient to justify a belief therein as to Plaintiff's personal information. Additionally, Plaintiff Latoria George is not currently a party in eviction proceedings before Defendant Sanders as the result of Plaintiff's Motion to Recuse Defendant which was granted on February 28, 2025.

183.    The allegations contained in Paragraph 183 are denied for lack of information sufficient to justify a belief therein.

184.    The allegations contained in Paragraph 184 are denied for lack of information sufficient to justify a belief therein.

185.    The allegations contained in Paragraph 185 are denied for lack of information sufficient to justify a belief therein.

186.    The allegations contained in Paragraph 186 are denied for lack of information sufficient to justify a belief therein.

187.    The allegations contained in Paragraph 187 are denied for lack of information sufficient to justify a belief therein.

188.    The allegations contained in Paragraph 188 are denied for lack of information sufficient to justify a belief therein.

189.    The allegations contained in Paragraph 189 are denied for lack of information sufficient to justify a belief therein.

190.    The allegations contained in Paragraph 190 are denied for lack of information sufficient to justify a belief therein.

191.    The allegations contained in Paragraph 191 are denied for lack of information sufficient to justify a belief therein.

192.    The allegations contained in Paragraph 192 are denied for lack of information sufficient to justify a belief therein.

193.    The allegations contained in Paragraph 193 are denied for lack of information sufficient to justify a belief therein. Additionally, upon information and belief, Ms. George's eviction is not pending before Justice of Peace Mark Miley, but has been dismissed as a result of Ms. George vacating the subject property.

194.    The allegations contained in Paragraph 194 are denied for lack of information sufficient to justify a belief therein.

195.    The allegations contained in Paragraph 195 are denied for lack of information sufficient to justify a belief therein.

196.    The allegations contained in Paragraph 196 are denied for lack of information sufficient to justify a belief therein as to Plaintiff's personal information. Additionally, Plaintiff Johnnie Rushing is not currently a party in an eviction proceeding before Defendant Sanders as the result of Plaintiff's Motion to Recuse Defendant which was granted on June 19, 2025.

197.    The allegations contained in Paragraph 197 are denied for lack of information sufficient to justify a belief therein.

198.    The allegations contained in Paragraph 198 are denied for lack of information sufficient to justify a belief therein.

199.    The allegations contained in Paragraph 199 are denied for lack of information sufficient to justify a belief therein.

200.    The allegations contained in Paragraph 200 are denied for lack of information sufficient to justify a belief therein.

201.    The allegations contained in Paragraph 201 are denied for lack of information sufficient to justify a belief therein.

202.    The allegations contained in Paragraph 202 are denied for lack of information sufficient to justify a belief therein.

203.    The allegations contained in Paragraph 203 are denied for lack of information sufficient to justify a belief therein.

204.    The allegations contained in Paragraph 204 are denied for lack of information sufficient to justify a belief therein.

205.    The allegations contained in Paragraph 205 are denied for lack of information sufficient to justify a belief therein.

206.    The allegations contained in Paragraph 206 are denied for lack of information sufficient to justify a belief therein.


## V.    <u>CLASS ALLEGATIONS</u>

207.    The allegations in Paragraph 207 seem to sets forth Plaintiffs' request for class certification to which requires no response from Defendant. However, out of an abundance of

caution, Defendant denies that Plaintiffs are entitled to class certification pursuant to Federal Rule Civil Procedure 23(a) and 23(b)(2).

208.    The allegations in Paragraph 208 seem to sets forth Plaintiffs' request for class certification to which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that Plaintiffs are entitled to class certification pursuant to Federal Rule Civil Procedure 23(a) and 23(b)(2).

209.    The allegations contained in Paragraph 209 are denied for lack of information sufficient to justify a belief therein.

210.    The allegations contained in Paragraph 210 are denied for lack of information sufficient to justify a belief therein.

211.    The allegations contained in Paragraph 211 are denied for lack of information sufficient to justify a belief therein.

212.    The allegations contained in Paragraph 212 are denied for lack of information sufficient to justify a belief therein.

213.    The allegations contained in Paragraph 213 are denied as written.

214.    The allegations contained in Paragraph 214 are denied as written.

215.    The allegations contained in Paragraph 215 are denied as written.

216.    The allegations contained in Paragraph 216 are denied as written.

217.    The allegations contained in Paragraph 217 are denied as written.

218.    The allegations contained in Paragraph 218 are denied as written.

219.    The allegations contained in Paragraph 219 are denied as written.

220.    The allegations contained in Paragraph 220 are denied for lack of information sufficient to justify a belief therein.

221.    The allegations contained in Paragraph 221 are denied for lack of information sufficient to justify a belief therein.

222.    The allegations contained in Paragraph 222 are denied for lack of information sufficient to justify a belief therein.

223.    The allegations contained in Paragraph 223 are denied for lack of information sufficient to justify a belief therein.

224.    The allegations contained in Paragraph 224 are denied for lack of information sufficient to justify a belief therein.

225.    The allegations contained in Paragraph 225 are denied for lack of information sufficient to justify a belief therein.

226.    The allegations contained in Paragraph 226 are denied for lack of information sufficient to justify a belief therein.

227.    The allegations contained in Paragraph 227 are denied for lack of information sufficient to justify a belief therein.

228.    The allegations contained in Paragraph 228 are denied as written.

229.    The allegations contained in Paragraph 229 are denied as written.

230.    The allegations contained in Paragraph 230 are denied as written.

231.    The allegations contained in Paragraph 231 are denied as written.

## VI.    CLAIMS FOR RELIEF

232.    The allegations contained in Paragraph 232 are denied for lack of information sufficient to justify a belief therein.

233.    The allegations contained in Paragraph 233 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

234.    The allegations contained in Paragraph 234 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

235.    The allegations contained in Paragraph 235 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

236.    The allegations contained in Paragraph 236 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

237.    The allegations contained in Paragraph 237 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

238.    The allegations contained in Paragraph 238 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

239.    The allegations contained in Paragraph 239 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

240.    The allegations contained in Paragraph 240 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

241.    The allegations contained in Paragraph 241 are denied as written.

242.    The allegations contained in Paragraph 242 are denied as written.

243.    The allegations contained in Paragraph 243 are denied as written.

244.    The allegations contained in Paragraph 244 are denied as written. There is no ongoing controversy between Plaintiffs Latoria George and Johnnie Rushing and Defendant Sanders, and they are not currently in eviction proceedings before Defendant Sanders as a result of Plaintiffs' Motions to Recuse Defendant, which were granted on February 28, 2025 and June 19, 2025, respectively.

245.    The allegations contained in Paragraph 245 seem to set forth Plaintiffs; request for declaration finding La. R.S. 13:2590(A)(2) and 13:2590(B)(1) which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that Plaintiffs are entitled to any and all relief sought. The validity of La. R.S. 13:2590(A)(2) and 13:2590(B)(1), is presumed and any doubt must be resolved in favor of constitutionality.

246.    The allegations contained in Paragraph 246 are denied for lack of information sufficient to justify a belief therein.

247.    The allegations contained in Paragraph 247 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

248.    The allegations contained in Paragraph 248 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

249.    The allegations contained in Paragraph 249 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

250.    The allegations contained in Paragraph 250 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

251.    The allegations contained in Paragraph 251 contain a statement for which no response is required. To the extent a response is deemed required, the allegations are denied, due to lack of information to justify belief therein.

252.    The allegations contained in Paragraph 252 are denied as written.

253.    The allegations contained in Paragraph 253 are denied as written.

254.    The allegations contained in Paragraph 254 are denied as written. There is no ongoing controversy between Plaintiffs Latoria George and Johnnie Rushing and Defendant Sanders, and they are not currently in eviction proceedings before Defendant Sanders as a result of Plaintiffs' Motions to Recuse Defendant, which were granted on February 28, 2025 and June 19, 2025, respectively.

255.    The allegations contained in Paragraph 255 seem to set forth Plaintiffs' request for a declaration finding La. Code. Civ. Proc. Art 4924 facially unconstitutional which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that

Plaintiffs are entitled to any and all relief sought. The validity of La. Code. Civ. Proc. Art 4924 is presumed and any doubt must be resolved in favor of constitutionality.

## VII.    PRAYER FOR RELIEF

The remainder of the Amended Complaint seems to sets forth Plaintiffs' prayer for relief to which requires no response from Defendant. However, out of an abundance of caution, Defendant denies that Plaintiffs are entitled to any and all relief sought.

**WHEREFORE,** the Defendant prays that this Answer to the Amended Complaint be deemed good and sufficient; that after due proceedings, the Plaintiffs' claims and demands be dismissed with prejudice, and for all general and equitable relief in the premises, at the Plaintiffs' cost.

RESPECTFULLY SUBMITTED:

Liz Murrill
Attorney General

BY:    **/s/ Tanika L. Starks**
        Tanika L. Starks (#38902)
        Carey T. Jones (LSBA #07474)
        David Jeddie Smith, Jr. (LSBA #27089)
        Assistant Attorneys General
        Louisiana Department of Justice
        P.O. Box 94005
        Baton Rouge, LA 70802
        Telephone: (225) 326-6009
        Facsimile: (225) 326-6098
        Email: starkst@ag.louisiana.gov
        jonescar@ag.louisiana.gov
        smithda@ag.louisiana.gov
        *Counsel for Defendant Steven Sanders*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that undersigned filed the above-entitled pleading electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of this Court's electronic filing system and/or by certified mail to those parties for whom electronic service is not set up.

Baton Rouge, Louisiana, this 3rd day of July 2025.

**/s/ Tanika L. Starks**
Tanika L. Starks