**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF LOUISIANA**

**LATORIA GEORGE**, on behalf of herself and all others similarly situated,

Plaintiff,

v.

**STEVEN E. SANDERS**, in his official capacity as East Baton Rouge Parish Ward 3 District 2 Justice of the Peace,

Defendant.

Case No. 3:25-cv-168

JUDGE JOHN W. DEGRAVELLES

MAGISTRATE ERIN WILDER-DOOMES,

**COMBINED MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........................................ II

INTRODUCTION ........................................ 1

BACKGROUND ........................................ 2

LEGAL STANDARDS ........................................ 4

ARGUMENT ........................................ 5

I. The Court Should Dismiss Plaintiff's Claims Under Rule 12(b)(1) For Lack of Subject Matter Jurisdiction ........................................ 6

A. Plaintiff Rushing Lacks Standing ........................................ 6

B. Plaintiff's Claims are Moot ........................................ 8

II. Plaintiffs Fail to Meet the Requirements of FRCP 23. ........................................ 10

A. Commonality is Absent (Rule 23(a)(2)) ........................................ 10

B. Typicality is Not Satisfied (Rule 23(a)(3)). ........................................ 11

D. Certification Under Rule 23(b)(2) is Improper. ........................................ 14

E. The Proposed Class is Overbroad ........................................ 14

CONCLUSION/PRAYER FOR RELIEF ........................................ 15

CERTIFICATE OF SERVICE ........................................ 16

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adams v. Askew*,
511 F.2d 700 (5th Cir.1975) ........ 7

*Allison v. Citgo Petroleum Corp.*,
151 F.3d 402 (5th Cir.1998). ........ 14

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ........ 13

*Arizonans for Official English v. Arizona*,
520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)........ 4

*Bell Atl. Corp. v. AT&T Corp.*,
339 F.3d 294 (5th Cir. 2003) ........ 5

*Burke v. Barnes*,
479 U.S. 361 (1987) ........ 8

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ........ 1

*Carney v. Adams*,
592 U.S. 53 (2020) ........ 6

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) ........ 5, 15

*East Tex. Motor Freight System, Inc. v. Rodriguez*,
431 U.S. 395 (1977) ........ 13

*Flecha v. Medicredit, Inc.*,
946 F.3d 762 (5th Cir. 2020) ........ 7, 10

*General Telephone Co. of Southwest v. Falcon*,
457 U.S. 147 (1982) ........ 12

*Gerstein v. Pugh*,
420 U.S. 103 (1975) ........ 8, 9

*Hansberry v. Lee*,
311 U.S. 32 (1940) ........ 12

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
143 F.3d 1006 (5th Cir. 1998) .......... 4

*Ictech-Bendeck v. Waste Connections Bayou, Inc.*,
349 F.R.D. 106 (E.D. La. 2025) .......... 14

*In re Am. Med. Sys., Inc.*,
75 F.3d 1069 (6th Cir. 1996) .......... 12

*In re FEMA Trailer*,
668 F.3d 281 (5th Cir. 2012) .......... 4

*John v. Nat'l Sec. Fire & Cas*. Co.,
501 F.3d 443 (5th Cir. 2007) .......... 14

*Kling v. Hebert*,
60 F.4th 281 (5th Cir. 2023) .......... 4

*Lance v. Coffman*,
549 U.S. 437, (2007) .......... 6

*Lewis v. Continental Bank Corp.*,
494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) .......... 4

*Little v. KPMG LLP*,
575 F.3d 533 (5th Cir. 2009) .......... 4

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......... 6, 7, 8

*McLin v. Twenty-First Jud. Dist.*,
79 F.4th 411 (5th Cir. 2023) .......... 4

*McManus v. Fleetwood Enters., Inc.*,
320 F.3d 545 (5th Cir. 2003) .......... 15

*Miller v. Grand Canyon Univ., Inc.*,
540 F. Supp. 3d 625 (N.D. Tex. 2021) .......... 11

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) .......... 5

*Murthy v. Missouri*,
144 S. Ct. 1972 (2024) .......... 6

*O'Sullivan v. Countrywide Home Loans, Inc.*,
319 F.3d 732 (5th Cir. 2003) ........................................................................................ 5

*Preiser v. Newkirk*,
422 U.S. 395 (1975) ................................................................................................... 4

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) ........................................................................................ 4

*Schlesinger v. Reservists Comm. to Stop the War*,
418 U.S. 208 (1974) ................................................................................................. 13

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ..................................................................................................... 7

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ........................................................................ 11, 12, 13

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ................................................................................................... 6

*U.S. Parole Comm'n v. Geraghty*,
445 U.S. 388 (1980) ................................................................................................... 9

*Unger v. Amedisys Inc.*,
401 F.3d 316 (5th Cir. 2005). ..................................................................................... 12

*United States ex rel. Johnson v. Raytheon Co.*,
93 F.4th 776 (5th Cir. 2024)......................................................................................... 4

*United States v. Sanchez-Gomez*,
138 S.Ct. 1532 (2018)................................................................................................... 8

*Urb. Devs. LLC v. City of Jackson*,
468 F.3d 281 (5th Cir. 2006) ........................................................................................ 4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ....................................................................................... 1,10,11,14

*Ward v. Hellerstedt*,
753 F. App'x 236 (5th Cir. 2018) ................................................................................. 9

*Warren v. Reserve Fund, Inc.*,
728 F.2d 741 (5th Cir. 1984)....................................................................................... 11

*Williamson v. Tucker*,
645 F.2d 404 (5th Cir. May 1981) ........ 4

*Wilson v. Gordon*,
822 F.3d 934 (6th Cir. 2016) ........ 8

**Statutes**

La. C.C.P., art. 4924(C) ........ 2

La. R.S. 13:2590(A)(2)-(3) ........ 2

La. R.S. 13:2590(B)(1) ........ 2

**Rules**

Fed. R. Civ. P. 12(b)(1) ........ 4

Fed. R. Civ. P. 23 ........ Passim

## INTRODUCTION

Plaintiffs seek declaratory and injunctive relief against Defendant, alleging that Louisiana's statutory structure for justice of the peace courts violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. These claims, however, fail at the threshold. Neither Plaintiff presents a justiciable controversy under Article III: Plaintiff George has abandoned her claims, and Plaintiff Rushing's claims are moot and unsupported by any concrete injury.

Setting jurisdictional issues aside, Plaintiff Rushing's request for class certification fails under Rule 23. Plaintiff Rushing seeks to certify a class of "all tenants who currently or will in the future be defendants in eviction proceedings before the Justice of the Peace for Ward 3, District 2 in East Baton Rouge Parish." That proposed class is fatally overbroad, indefinite, and unascertainable. It includes uninjured persons and hypothetical future tenants who may never appear before the Defendant or experience the alleged harm.

The Supreme Court has stated that class certification is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). Rule 23 sets forth stringent prerequisites, each of which the proponent must satisfy through a "rigorous analysis." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). Plaintiff cannot meet this burden.

*First*, commonality is lacking because eviction proceedings are inherently individualized, with distinct landlord-tenant relationships, lease terms, defenses, and procedural postures. *Second*, Plaintiffs circumstances, including the voluntary dismissal of Plaintiff Rushing's eviction case before hearing, render their claims atypical and subject to unique standing and mootness defenses.

*Third*, adequacy fails because Plaintiff George has abandoned her case entirely, and Plaintiff Rushing has no live claim or ongoing injury, or even any injury at all.

Even if Rule 23(a) could somehow be satisfied, certification under Rule 23(b)(2) is improper. That provision applies only when "a single injunction or declaratory judgment would provide relief to each member of the class." *Id*. The alleged harms here depend on case-specific facts and procedural outcomes. No uniform remedy exists, and individualized adjudication would be required to determine whether any class member actually suffered the claimed deprivation.

Plaintiffs' claims fail both jurisdictionally and procedurally. This Court should dismiss the action for lack of subject matter jurisdiction or, in the alternative, deny Plaintiff's Motion for Class Certification because the proposed class does not satisfy the requirements of Rule 23.

## BACKGROUND

On February 25, 2025, Plaintiff George[1] filed a Class Action Complaint against Defendant alleging that 1) La. R.S. 13:2590(A)(2)-(3) and La. R.S. 13:2590(B)(1) violate constitutional right to a disinterested and impartial tribunal their under the *Due Process Clause* pursuant to the Fourteenth Amendment of the United States Constitution and 2) La. C.C.P., art. 4924(C) violates the *Equal Protection Clause* pursuant to the Fourteenth Amendment because it treats similarly situated tenants differently depending on which court their landlord institutes eviction proceedings in and that there is no rational basis for this classification. On June 17, 2025, an Amended Petition was filed adding Johnnie Rushing as a Plaintiff. Plaintiffs claim that Defendant Sanders has a personal and institutional financial conflict of interest in their cases and every other eviction action that he adjudicates because, pursuant to state statute, his own compensation and the court's

[1] Counsel for Plaintiffs have filed a motion to withdraw as counsel for Plaintiff Latoria George and represent that they are unable now to locate Ms. George. *See* ECF Nos. 37 and 50. This Court has not ruled on the motion to withdraw.

operations are paid for largely through eviction filing fees and writ of possession fees collected when he hears eviction cases and evicts tenants from their homes. Both Ms. George and Ms. Rushing were the subject of an eviction petition filed by their landlords in the Justice of the Peace Court, Ward 3, and District 2. Before Plaintiff George's matter proceeded to an eviction hearing, she filed a Motion for Recusal, requesting that Justice of the Peace Sanders recuse himself due to the present class action suit. Subsequently, Justice of the Peace Sanders recused himself at the hearing held on February 28, 2025 and made a formal request to the Louisiana Supreme Court to appoint another Judge to hear the matter. Plaintiff George has since vacated the premises subject to the eviction, and the eviction proceeding has been dismissed. (*See* Ex. 1 Motion and Order for Judgment of Dismissal Plaintiff) George has not made herself available for a deposition. In fact, Plaintiff's Counsel initiated discussion of dismissal of Plaintiff's George's claims, but seemingly, because they could not reach her, those discussions ultimately led to Plaintiffs' Counsel Motion to Withdraw as counsel for Plaintiff George. Plaintiffs' counsel has been unable to locate or contact Ms. George. (*See* ECF no. 50.)To date, there have been no filings submitted by Plaintiff George indicating her will to continue as Class Representative.

Similarly, Plaintiff Rushing requested that Justice of the Peace Sanders recuse himself due to the present class action suit, which he granted, and made a formal made a formal request to the Louisiana Supreme Court to appoint another Judge to hear the matter. (*See* Ex. 2 Rushing Recusal Judgment) She also vacated her unit prior to the eviction hearing and her landlord voluntarily dismissed the eviction petition. Despite the dismissal, Plaintiff Rushing, alone, now seeks to represent "All tenants who currently or will in the future be a defendant in an eviction proceeding before the Justice of the Peace for Ward 3, District 2 in East Baton Rouge Parish, Louisiana."

## LEGAL STANDARDS

**Dismissal for Lack of Jurisdiction.** Rule 12(b)(1) permits a party to raise fatal jurisdictional defects early. *See* Fed. R. Civ. P. 12(b)(1); *see, e.g., In re FEMA Trailer*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). And when "a Rule 12(b)(1) motion is filed," "the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). Ripeness, standing, and sovereign immunity are all jurisdictional questions to be considered first when raised in a Rule 12(b)(1) motion. *See Urb. Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) (ripeness); *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (standing); *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (sovereign immunity). A corollary to this case-or-controversy requirement is that " 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *72 *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot. *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477–478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotation marks omitted).

Plaintiffs, as "the part[ies] asserting jurisdiction," "constantly bear[ ] the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see, e.g.*, *United States ex rel. Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir. 2024). On a factual attack under Rule 12(b)(1), as here, "no presumptive truthfulness attaches to the [ ] allegations." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. May 1981).

**FRCP 23.** A class may be certified under Fed. R. Civ. P. 23 if it meets the four prerequisites found in Rule 23(a) and an additional requirement found in Rule 23(b). The four prerequisites for certifying a class include: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999). However, a court must "conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class*." Bell Atl. Corp. v. AT&T Corp*., 339 F.3d 294, 301 (5th Cir. 2003) (quoting *O'Sullivan v. Countrywide Home Loans, Inc*., 319 F.3d 732, 738 (5th Cir. 2003) (quotations omitted)). In conducting this analysis, the court is permitted to "look past the pleadings to determine whether the requirements of Fed. R. Civ. P. 23 have been met" because the court "must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co*., 84 F.3d 734, 744 (5th Cir. 1996).

## ARGUMENT

The Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because both Rushing lacks Article III standing. If the court inclined to find that Plaintiff Rushing does having standing, the Court should dismiss the Complaint because Plaintiff's claims are moot. (As to Plaintiff George, her counsel are unable to locate her or communicate with her (*see* ECF No. 50), have sought to withdraw from her representation (*see* ECF no. 37) and she is not included as a movant in the motion to certify class.)

If the court is inclined not to dismiss plaintiff's lawsuit, the Court should deny Plaintiff's motion for Class Certification because Plaintiffs cannot meet the requirements of Fed. R. Civ. Pro. 23.

## I. The Court Should Dismiss Plaintiff's Claims Under Rule 12(b)(1) For Lack of Subject Matter Jurisdiction.

The Court lacks jurisdiction to hear Plaintiff's claims because 1) Plaintiffs lack Article III standing and 2) Plaintiff's claims are moot.

### A. Plaintiff Rushing Lacks Standing.

"Under Article III of the Constitution, federal courts may only hear 'cases or controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability. *Lance v. Coffman*, 549 U.S. 437, 439, (2007) Plaintiffs "bear[ ] the burden of establishing standing as of the time [they] brought th[e] lawsuit and maintaining it thereafter." *Carney v. Adams*, 592 U.S. 53, 59 (2020). Thus, as of (the date of the Amended Complaint), Plaintiff Rushing "must show that [they] [have] suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (citation omitted). And that showing must extend to "'*each* claim that they press' against *each* defendant, 'and for *each* form of relief that they seek.'" *Id.* at 1988 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)) (emphases added). An injury sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.' " *Lujan*, 504 U.S. at 560. In order to have standing to challenge the constitutionality of a legal provision, the person bringing the challenge must have rights in controversy. Generally, a party cannot challenge a statute as-applied unless the statute has been

applied to him. *Adams v. Askew*, 511 F.2d 700, 704 (5th Cir.1975). [I]f it is the class representative who presents a standing problem, then that standing issue must be addressed first, prior to deciding class certification. *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020).

Plaintiff Rushing's alleged injury is speculative at best. Rushing's eviction proceeding never resulted in any adverse consequence.[2] She vacated the property before her scheduled hearing, and the landlord dismissed the petition.[3] She was never ordered to vacate by court judgment, never assessed court costs or fees, and never subjected to any enforcement order or writ of possession.[4] Because she received no ruling of any kind, she cannot claim to have been deprived of property, due process, or access to appellate review.

Even assuming that Rushing could claim some procedural interest, she cannot show that her alleged injury is fairly traceable to Defendant Sanders's conduct or that it could be redressed by a favorable ruling. *Lujan*, 504 U.S. at 560–61. The Supreme Court has made clear that standing requires a "causal connection between the injury and the conduct complained of," not an injury "resulting from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). The cessation of Rushing's eviction proceeding was due entirely to the landlord's voluntary dismissal, not any action of Defendant Sanders or application of the challenged legal provisions.[5] No judgment of eviction was issued, nor were court

---

[2] Rushing Depo. Ex. 3 at 15. ("Q: Did you ever appear before Justice of the Peace Sanders as a result of this eviction ·proceeding? A: No.")

[3] Rushing Depo. Ex. 3 at 22:6-9. ("Q: you left on your own accord? … there was no eviction judgment that forced ·you out of the home? A: I left on my own… ")

[4] Rushing Depo. Ex. 3 at 24:25 25:1-4. ("Q: Do you know the status of the eviction matter? A: What I do know is that the case was Ms. Chenier [Rushing's Landlord] called and telephoned me to tell me that she had dropped the charges.") See also Sanders' Depo Ex 4. At 228:4-6: ("Ms. Chenier came to my office and verbally said, she's [Rushing] moved out, I want to dismiss it. Okay.")

[5] Rushing Depo. Ex. 3 at 24:25 25:1-4. ("Q: Do you know the status of the eviction matter? A: What I do know is that the case was Ms. Chenier [Rushing's Landlord] called and telephoned me to tell me that she had dropped the charges.") *See also* Sanders' Depo Ex 4. At 228:4-6: ("Ms. Chenier came to my office and verbally said, she's [Rushing] moved out, I want to dismiss it. Okay.").

costs ever assessed against plaintiff. Nor is there any redressable injury. Because Rushing's case has been dismissed, there is no order or judgment for this Court to vacate or enjoin. A declaratory judgment regarding the constitutionality of Louisiana's judicial funding or appeal provisions would have no practical effect on her rights. Her lack of an appeal right stems not from the challenged statutes but from the simple fact that there was nothing to appeal—no hearing, no judgment, and no costs or orders issued against her.

**B. Plaintiff's claims are moot.**

A core tenet of Article III is that federal courts may adjudicate only actual, ongoing cases or controversies. *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016). The mootness doctrine "requires that there be a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). To invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action. *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1537 (2018). A case that becomes moot at any point during the proceedings is no longer a case or controversy for purposes of Article III and is outside the jurisdiction of the federal courts. *Id.* at 1537. In putative class actions, "at least one named plaintiff must keep her individual dispute live until [class] certification, or else the class action based on that claim generally becomes moot" absent an applicable mootness exception. Id at *1538.*

Plaintiff's contention that the inherently transitory exception applies is misguided. For the named plaintiff to pursue an "inherently transitory" (but otherwise moot) claim on behalf of a class, "the Court required only that other class members would suffer the same injury: 'in this case the constant existence of a class of persons suffering the deprivation is certain.'" (*Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). As the Court explained, such a "claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'" *Gerstein*, 420 U.S. at 110 n.11; *see also*

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398–99 (1980) (explaining that the "inherently transitory" doctrine grew out of the application of the capable-of-repetition-yet evading-review exception to class-action claims). While neither the Supreme Court nor this court has provided detailed guidance as to what makes a claim "inherently transitory," Supreme Court jurisprudence suggests that the following factors are pertinent to such a determination: the challenged conduct giving rise to the claim is of a fleeting or temporary nature; uncertainty exists at the outset as to the duration of each plaintiff's exposure to the allegedly harmful conduct; it is unlikely that any given individual plaintiff could see his claim to fruition prior to the claim becoming moot; and there exists a constant group of people suffering the harm alleged by the plaintiffs. *Ward v. Hellerstedt*, 753 F. App'x 236, 242 (5th Cir. 2018) (citations omitted)

Under these principles, Plaintiff Rushing's claims are moot and fall well outside the "inherently transitory" exception. Her eviction proceeding ended before any hearing was held or judgment rendered, and she voluntarily vacated the property.[6] Because the landlord dismissed the petition, there was no ruling against her, no court costs or fines assessed, and no judgment from which to appeal. Her alleged injury, exposure to an allegedly biased tribunal or denial of appellate review, never materialized. Plaintiff George's claims are likewise moot. Her eviction proceeding was dismissed after she vacated the property, and no judgment or adverse ruling was ever entered against her. She no longer faces any ongoing injury or legal consequence arising from the underlying eviction case.

Unlike the fleeting pretrial detention at issue in *Gerstein*, the events Rushing and George complain of were not "inherently transitory" but rather concluded by their own voluntary actions and those of a third party whose actions cannot be attributed to Defendant Sanders. The challenged

[6] Rushing Depo. Ex. 3 at 22:6-9. ("Q: you left on your own accord? … there was no eviction judgment that forced ·you out of the home? A: I left on my own… ").

conduct here, Defendant Sanders handling of eviction proceedings pursuant to Louisiana statute, is neither so short-lived that it evades review nor uncertain in duration. Indeed, eviction cases can be fully litigated and appealed (although Rushing's was not fully litigated or appealed due solely to her own actions). There is therefore no "constant group of people suffering the same deprivation" as required by *Gerstein* and *Ward*.

## II. Plaintiffs Fail to Meet the Requirements of FRCP 23.

Rule 23(a) imposes strict limits to ensure that only truly cohesive classes proceed to certification. Plaintiffs cannot meet those limits. The proposed class lacks the commonality, typicality, and adequacy necessary to justify collective treatment and instead presents a patchwork of individualized circumstances.

### A. Commonality is Absent (Rule 23(a)(2)).

Commonality requires more than the recitation of common questions; there must be a common contention "capable of class wide resolution." *Wal-Mart*, 564 U.S. at 350. "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers. *Id*. Plaintiff asserts that all tenants face the same due process and equal protection harms because of the funding structure and appellate rules. But the factual record demonstrates otherwise.

Tenants' experiences differ drastically depending on landlord decisions, lease terms, defenses, and procedural history. As the Fifth Circuit explained, "[w]here plaintiffs' experiences are not uniform and liability turns on individual circumstances, commonality fails." *Flecha*, 946 F.3d at 767. Here, some tenants may default, others may succeed in defenses, and still others may

avoid eviction entirely. These individualized issues preclude common answers "apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350.

**B. Typicality is not satisfied (Rule 23(a)(3)).**

Typicality requires that the named plaintiff's claims be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Fifth Circuit holds that typicality is defeated where a representative's claims are subject to unique defenses. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). *See* also *Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 747 (5th Cir. 1984) ("the typicality requirement protects class members from representation by a party who is 'preoccupied with a defense which is applicable only to himself."). Plaintiff Rushing's claims arise from highly individualized circumstances—her medical disability, income, and specific lease disputes. Many absent tenants will not share these features.

Record evidence underscores this point. Plaintiff Rushing vacated her unit before her scheduled eviction hearing, and her landlord voluntarily dismissed the petition against her. Indeed, the defenses that Rushing says she would assert are speculative at best—she never actually raised them in an eviction proceeding. These facts expose her to unique mootness and standing defenses that other tenants will not face. Although the class representative's claim does not need to be factually identical with the class members, "class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Miller v. Grand Canyon Univ., Inc.,* 540 F. Supp. 3d 625, 635 (N.D. Tex. 2021). Specifically, a defense or counter claim defeats typicality if it is likely to become the litigation's focus. *Id.* Her claims are thus atypical, and her personal circumstances invite defenses that would not apply to the class at large. Typicality requires that the representative's claims be typical of the class. Fed. R. Civ. P. 23(a)(3). "Where the representative's claims are subject to unique defenses,

typicality is lacking." *Stirman v. Exxon Corp*., 280 F.3d 554, 562 (5th Cir. 2002). Potential class members—who may have remained in their homes, contested eviction on any number of grounds and defenses, had judgments rendered against them, costs assessed against them, had a writ of possession issued against them, actually been evicted, and/or pursued appeals—stand in very different positions. Her atypical circumstances defeat Rule 23(a)(3). Rushing's obviously atypical circumstances defeat Rule 23(a)(3).

**C. Plaintiffs cannot fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4)).**

Adequacy requires that the representative and counsel "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is "essential to due process, because a judgment in a class action is binding on all class members." *In re Am. Med. Sys., Inc*., 75 F.3d 1069, 1083 (6th Cir. 1996) (citing *Hansberry v. Le*e, 311 U.S. 32, 42-43 (1940)). The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157–158 (1982).To meet the adequacy requirement, the "class representative[s], their counsel, and the relationship between the two [must be] adequate to protect the interests of absent class members." *Unger v. Amedisys Inc*., 401 F.3d 316, 321 (5th Cir. 2005). The Court must consider both "the zeal and competence" of counsel and "the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Stirman v. Exxon Corp*., 280 F.3d 554, 563 (5th Cir. 2002) (citations omitted)

Plaintiff George has effectively abandoned her participation in this litigation against Defendant Sanders. She has failed to make herself available for deposition and has ceased

communication with her counsel following discussions regarding the possible dismissal of her claims. Plaintiff's counsel, recognizing her unavailability and inability to represent the proposed class, sought to withdraw from representing her and did not include her as a proposed class representative in their Motion for Class Certification. Accordingly, Plaintiff George has demonstrated that she is neither willing nor able to serve as an adequate representative of the putative class.

Plaintiff Rushing also fails the adequacy requirement. [A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 216 (1974)). Though she has stated that she is willing to the "spokesperson" for other class members, she cannot because she has suffered no injury. Plaintiff Rushing has never been subject to an eviction proceeding prior to the one filed on June 12, 2025, which, of course, means she has never been subject to an eviction proceeding before Defendant Sanders. Prior to the hearing, Defendant Sanders recused himself at Plaintiff's request, Plaintiff Rushing evacuated the premises subject to the eviction, and the eviction proceeding was dismissed. There was no hearing, no judgment of eviction, no writ of possession or fines assessed to Plaintiff Rushing. Plaintiff rushing eviction is a closed case, and thus there is no order for either party to appeal, which negates Plaintiff's contention that La. C.C.P., art. 4924(C), as applied to her is unconstitutional. Other tenants of the putative class, however, may wish to negotiate settlements, pursue appeals, or raise lease-specific defenses. These diverging interests also defeat adequacy. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (representative must "possess the same interest and suffer the same injury" as the class).

**D. Certification Under Rule 23(b)(2) is Improper.**

Plaintiff invokes Rule 23(b)(2), which allows certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class" so that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Supreme Court has held that Rule 23(b)(2) certification is inappropriate where relief would require individualized determinations. *Wal-Mart*, 564 U.S. at 360. The Fifth Circuit likewise restricts (b)(2) classes to situations where "a single injunction or declaratory judgment would provide relief to each member of the class." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir.1998). Here, no such possible single injunction could issue. The relief Plaintiff seeks, declaring Louisiana's fee structure and appellate provisions unconstitutional, would not uniformly benefit each tenant. Eviction cases vary based on defenses, landlord behavior, tenant actions, and procedural posture. Relief would inevitably require individualized adjudication.

**E. The Proposed Class is Overbroad.**

Beyond the express requirements of Rule 23(a) and (b), the Fifth Circuit requires that proposed classes be "adequately defined and clearly ascertainable." *John v. Nat'l Sec. Fire & Cas*. Co., 501 F.3d 443, 445 (5th Cir. 2007). The touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. *Ictech-Bendeck v. Waste Connections Bayou, Inc*., 349 F.R.D. 106, 120 (E.D. La. 2025) *(internal citations omitted).* This implicit prerequisite ensures that certification does not devolve into a series of mini-trials to determine class membership. *See*

*Castano v. Am. Tobacco Co*., 84 F.3d 734, 744 (5th Cir. 1996) (noting that class certification is improper where individualized factual inquiries predominate).

The class is overbroad because it encompasses individuals who have not suffered, and may never suffer, the alleged constitutional deprivation. Many tenants appear before the Defendant, pay no costs, experience no adverse ruling, or voluntarily resolve their cases before judgment. Rule 23(b)(2)'s requirement that a defendant have acted consistently towards the class is plainly more permissive than 23(b)(3)'s requirement that questions common to the class predominate over individual issues. *McManus v. Fleetwood Enters., In*c., 320 F.3d 545, 552 (5th Cir. 2003). Because Plaintiff's definition extends to anyone who might one day appear as an eviction defendant, regardless of whether they experience the challenged harm, it necessarily includes uninjured and speculative members which is precluded by jurisprudence.

**CONCLUSION/PRAYER FOR RELIEF**

In sum, Plaintiffs' claims fail at every threshold. Neither Plaintiff presents a justiciable controversy, and Plaintiff Rushing lacks the standing necessary to invoke this Court's jurisdiction. Even if jurisdiction existed, class certification would remain improper because the proposed class is overbroad, unascertainable, and unsupported by common or typical claims. Accordingly, Defendants respectfully request that this Court grant Defendant's Motion to Dismiss Plaintiffs' Amended Complaint or/alternatively deny Plaintiff's Rushing Motion for Class Certification.

Respectfully submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

**BY: /s/ Tanika L. Starks__________**

Carey Tom Jones (#7474)
David Jeddie Smith, Jr. (#27089)
Tanika L. Starks (#38902)
Assistant Attorneys General
Louisiana Dept. of Justice
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6000
Facsimile: (225) 326-6098
Email: JonesCar@ag.louisiana.gov
SmithDa@ag.louisiana.gov
StarksT@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I CERTIFY** that the foregoing was served via the CM/ECF system on all counsel of record on October 14, 2025.

**_____/s/ Tanika L. Starks_____**
(#38902)