UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATORIA GEORGE,** <br> **ON BEHALF OF HERSELF AND** <br> **ALL OTHERS SIMILARLY SITUATED** <br><br> **VERSUS** <br><br> **STEVEN E. SANDERS,** <br> **IN HIS OFFICIAL CAPACITY** <br> **AS EAST BATON ROUGE PARISH** <br> **WARD 3 DISTRICT 2 JUSTICE OF THE PEACE** | **CIVIL ACTION** <br><br> **NO. 25-168-JWD-EWD** |

## ORDER AND JUDGMENT OF DISMISSAL

Latoria George ("George"), who is representing herself, has failed to prosecute her case and to follow Court orders. Therefore, George's claims will be dismissed without prejudice on the Court's own motion under Federal Rule of Civil Procedure 41(b).

On September 5, 2025, George's lawyers moved to withdraw from representation because George stopped communicating with them.[1] On October 3, 2025, the Court issued an Order, setting a hearing on the Motion for Leave to Withdraw as Counsel of Record for Plaintiff Latoria George ("Motion to Withdraw") for October 23, 2025 by video before the Magistrate Judge. The Order required George to attend the hearing.[2]

On October 23, 2025, the hearing was held on the Motion to Withdraw.[3] The lawyers for George stated that they did not have a current permanent address for George, but they sent text messages and emails about the hearing to George, who did not respond. Counsel also spoke to

---

[1] R. Doc. 34. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 49.

[3] R. Docs. 59-60.

George's mother and told her about the hearing. George's mother stated she would tell George about the hearing.[4] George did not attend the hearing or request that it be rescheduled.[5] The Motion to Withdraw was granted, as the requirements of Local Civil Rule 83(b)(13) were met, and the Order was emailed to George at the email address provided by her counsel.[6] An Order was also issued, setting a hearing for November 12, 2025, at which George was required to appear and show cause why her claims should not be dismissed for failure to follow Court orders.[7] The Court sent notice of the show cause hearing to George at her email address provided by her prior counsel. George was specifically told that her case could be dismissed without further notice if she did not appear as ordered for the November 12, 2025 show cause hearing.[8]

On November 12, 2025, the show cause hearing was held. The hearing remained open for fifteen minutes; however, George did not appear for the hearing or request that the hearing be rescheduled.[9] Additionally, Court staff was unable to reach George during the hearing at the telephone number provided by her prior attorneys.

The history of this case shows that George has failed to take appropriate action to prosecute her claims. George has failed to respond to at least two Court orders, even though she was told that her case could be dismissed. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal

---

[4] R. Doc. 59.

[5] The hearing was held open for fifteen minutes and the Magistrate Judge's staff called George at her cell phone number provided by her former lawyers, but the call could not be completed.

[6] R. Doc. 59, and *see* page 3.

[7] R. Doc. 61.

[8] R. Doc. 61, p. 2.

[9] R. Doc. 69.

>order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[10] George has ignored court orders, even though she was told that her claims might be dismissed if she did not comply.

Therefore,

**IT IS ORDERED, ADJUDGED, AND DECREED** that all Plaintiff Latoria George's claims in the above-captioned lawsuit be **DISMISSED WITHOUT PREJUDICE** for her failure to comply with Court orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b). **All claims of Plaintiff Johnnie Rushing remain active and pending.**

**IT IS FURTHER ORDERED** that Latoria George shall have the right to seek reinstatement of her claims within thirty (30) days of this Order and Judgment of Dismissal upon a showing of good cause.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiff Latoria George by email to georgelatoria@gmail.com.

Signed in Baton Rouge, Louisiana on _____November 12_____, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] *Boudwin v. Graystone Ins. Co. Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).